UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TERENCE L. McCREARY, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>Defendant. | 3:08-CV-00654-LRH-RAM<br><br>ORDER |

Before the court is Plaintiff Terence McCreary's Motion to Stay Ruling Upon Defendant's Motion to Dismiss Pending Discovery to Respond (#12[1]).

This case concerns a dispute between McCreary and Defendant Aetna Life Insurance Company ("Aetna") as to whether Aetna retained interest earned on McCreary's life insurance benefits in violation of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* Plaintiff's motion to stay comes in response to Aetna's motion to dismiss pursuant to Rule 12(b)(6) and Rule 12(b)(1) of the Federal Rules of Civil Procedure in which Aetna argues that McCreary lacks standing under ERISA and Article III of the U.S. Constitution.

---

[1] Refers to the court's docket entry number

In support of its motion to dismiss, Aetna attached the declaration of Beth Johnston,[2] which purportedly shows that McCreary suffered no injury-in-fact, an element of constitutional standing, when Aetna sent McCreary a checkbook giving him access to $41,000, plus $128.38 in interest, rather than a lump sum check of $41,000. Aetna further argues that the Johnston declaration also shows that McCreary lacks standing under ERISA because he is not a "participant, beneficiary, or fiduciary" under 29 U.S.C. § 1132(a)(3).

In response, McCreary argues that the Johnston declaration does not resolve the question of whether Aetna earned more interest on McCreary's benefits than the amount Aetna actually paid to him. If Aetna retained monies earned on McCreary's benefits, McCreary argues, he will have demonstrated an injury-in-fact thereby giving him constitutional standing to bring this case.[3] McCreary also asserts, however, that he cannot rebut the Johnston declaration without an opportunity to conduct discovery on the issue of whether Aetna retained interest it earned on McCreary's benefits.

The court agrees that McCreary must be given an opportunity to conduct discovery on whether he has suffered an injury-in-fact. Although Aetna asserts the Johnston declaration demonstrates that McCreary was paid all the benefits owed to him, there is no way to know from the Johnston declaration alone whether Aetna retained additional interest earned on McCreary's benefits. If McCreary can show Aetna withheld monies purportedly owed to him, McCreary could demonstrate an economic injury sufficient to fulfill the injury-in-fact element of constitutional

---

[2]Aetna also attached several exhibits to the Johnston declaration. The court will collectively refer to these exhibits and the declaration itself as the Johnston declaration.

[3]McCreary's contention that he need not show a financial loss to bring an action for breach of a fiduciary duty under ERISA is not well-taken. Although *Amalgamated Clothing and Textile Workers Union v. Murdock*, 861 F.2d 1406 (9th Cir. 1988) and *Waller v. Blue Cross of California*, 32 F.3d 1337 (9th Cir. 1994) may have implied that a plaintiff not need to establish a financial loss to assert a claim for breach of a fiduciary duty under ERISA, the Ninth Circuit explicitly rejected that proposition in *Glanton v. AdvancePCS Inc. See* 465 F.3d 1123, 1126 n.4 (9th Cir. 2006).

standing.

Because the issue of whether McCreary has suffered an injury-in-fact is intertwined with the merits of this action, the court will employ the standard applicable to a motion for summary judgment to decide the issue of constitutional standing. That is, the court will grant Aetna's motion to dismiss for lack of constitutional standing only if the material jurisdictional facts are not in dispute, and Aetna is entitled to prevail as a matter of law. *See Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987); *see also Colwell v. Dep't of Health & Human Services*, 558 F.3d 1112, 1121 (9th Cir. 2009); *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996).

McCreary's motion to stay also argues that this court should allow discovery to address Aetna's argument that he lacks standing under ERISA. To invoke ERISA's civil enforcement provisions, a plaintiff must meet certain prerequisites concerning "who may bring suit and what remedies are available . . . ." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1072 (9th Cir. 2009). Although the Ninth Circuit has labeled these requirements in terms of "standing," *id.*, the court has also made clear that these requirements are not limitations on a federal court's subject matter jurisdiction.

For instance, in *Cement Masons Health and Welfare Trust Fund for Northern California v. Stone*, the Ninth Circuit held that the unavailability of restitution under 29 U.S.C. § 1332(a)(3) went to the merits of a plaintiff's claim rather than the court's subject matter jurisdiction. 197 F.3d 1003, 1006, 1007-08 (9th Cir. 1999). Similarly, in *Vaughn v. Bay Environmental Management, Inc.*, the Ninth Circuit recently held that whether a plaintiff is a "participant" under 29 U.S.C. § 1002(7) is properly considered as an attack on the merits rather than a challenge to a court's subject matter jurisdiction. 567 F.3d 1021, 1024 (9th Cir. 2009). Thus, McCreary's request for discovery on whether he meets ERISA's standing requirements is unnecessary to address this court's subject matter jurisdiction.

The court will, however, allow McCreary to conduct discovery to address the factual matters Aetna presents in support of its contention that McCreary lacks standing under ERISA.

3

1  Federal Rule of Civil Procedure 12(d) provides,

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

In support of its motion to dismiss for lack of ERISA standing, Aetna argues that McCreary is no longer a "participant, beneficiary, or fiduciary" under 29 U.S.C. § 1132(a)(3) because McCreary wrote himself a check for all the benefits Aetna made available to him.  This factual contention, although supported by the Johnston declaration, is absent from the complaint.  Thus, the court cannot accept the Johnston declaration's assertion without giving McCreary an opportunity to respond with his own evidence.  Accordingly, the court will also allow McCreary to conduct discovery concerning whether he has standing under ERISA as a "participant, beneficiary, or fiduciary" pursuant to 29 U.S.C. § 1132(a)(3).  This order, however, does not entitle McCreary to discover matters not raised by the Johnston declaration.   If the Johnston declaration is silent as to an aspect of McCreary's ERISA standing, the court will accept the complaint's allegations as true.

   IT IS THEREFORE ORDERED that McCreary's Motion to Stay Ruling Upon Defendant's Motion to Dismiss Pending Discovery to Respond (#12) is GRANTED.  The parties are granted 60 days to conduct discovery concerning (1) whether McCreary can meet the injury-in-fact element of constitutional standing and (2) whether McCreary is a "participant, beneficiary, or fiduciary" under 29 U.S.C. § 1132(a)(3).

///
///
///
///
///
///

4

1  IT IS FURTHER ORDERED that at the conclusion of the 60-day discovery period, McCreary is granted 20 days to file an opposition to Aetna's motion to dismiss, and Aetna is granted 15 additional days to file a reply.

IT IS SO ORDERED.

DATED this 2nd day of July, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5