UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERENCE L. McCREARY, On Behalf of Himself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 3:08-CV-00654-LRH-RAM<br><br>**ORDER OF PRELIMINARY APPROVAL**<br><br>Action Filed:  December 16, 2008 |

The Court having reviewed and considered the Joint Motion for Preliminary Approval of Settlement, filed on March 15, 2010, and having reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Settlement Agreement, a copy of which has been submitted with the Joint Motion and the terms of which are incorporated herewith, and all other prior proceedings in this Action, good cause for this Order having been shown:

**IT IS HEREBY ORDERED:**

1. The terms of the Settlement Agreement (the "Settlement Agreement") are hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below. The Court concludes that the Settlement is sufficiently within the range of reasonableness to warrant the preliminary approval of the Settlement, conditional certification of the Settlement Class, the

scheduling of the Fairness Hearing, and the circulation of Notice to Class Members, each as provided for in this Order.

## CONDITIONAL CERTIFICATION OF THE CLASS

2. For purposes of settlement only, this Action is conditionally certified pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) as a class action on behalf of the following persons (the "Settlement Class"):

> <u>Open Accounts Settlement Class Members</u>: All Aetna life insurance beneficiaries who received interest payments on life insurance benefits from Aetna through an Aetna Benefits Checkbook Account during the Class Period and who, as of the Effective Date of this Settlement, have an open Aetna Benefits Checkbook Account.
>
> <u>Terminated Accounts Settlement Class Members</u>: All Aetna life insurance beneficiaries who received interest payments on life insurance benefits from Aetna through an Aetna Benefits Checkbook Account and whose Aetna Benefits Checkbook Account was terminated during the Class Period, and prior to the Effective Date.

Plaintiff Terence L. McCreary is conditionally certified as the Class Representative. The firms of Parry, Deering, Futscher & Sparks, P.S.C.; Law Office of Matthew L. Sharp; and, Law Office of Curtis B. Coulter are conditionally certified as Class Counsel. This conditional certification of the class and Class Representative is solely for purposes of effectuating the Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the class and appointment of the Class Representative shall be void and of no further effect and the parties to the Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted in this Action. The Court notes that, because the conditional certification of the Settlement Class is in connection with the Settlement rather than litigation, the Court need not resolve the issues of manageability presented by certification of the class proposed in the Complaint.

## FAIRNESS HEARING; RIGHT TO APPEAR AND OBJECT

3. A Fairness Hearing (the "Fairness Hearing") shall take place before the undersigned, United States District Court, District of Nevada, Judge Larry R. Hicks, at the Bruce R. Thompson

Federal Building and District Court, 400 S. Virginia Street, Reno, NV 89501 on January 4, 2011 to determine:

      a.      Whether the Court should permanently certify the Settlement Class and whether the Class Representative and his counsel have adequately represented the class;

      b.      Whether the Settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable and adequate;

      c.      Whether the Action should be dismissed on the merits and with prejudice as to Aetna;

      d.      Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of this Action against the Released Parties in the Agreement;

      e.      Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

      f.      Whether the application for an incentive award to be submitted by the Class Representatives should be approved; and

      g.      Such other matters as the Court may deem necessary or appropriate. The Court may finally approve the Settlement at or after the Fairness Hearing with any modifications agreed to by the Parties and without further notice to the class.

    4.    Any member of the class who has not timely and properly provided notice of an election to opt out of the Settlement Class and the Settlement, and any other interested person, may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs or other submissions shall be submitted by the Court in connection with it consideration of those matters, unless on or before forty-five (45) days after notices are sent ("Opt Out Deadline"), such person:

      a.      Files with the Court a Notice of such person's intention to appear, together with a statement setting forth such person's objections, if any, to the matter to be considered and the basis therefore, together with any documentation that such person intends to rely upon at the Fairness Hearing;

3

1          b.     Serves copies of all such materials either by hand delivery or by first-class mail, postage prepaid, upon the following counsel:

>    Class Counsel
>    Parry, Deering, Futscher & Sparks LLP
>    Ron Parry , Esq.
>    411 Garrard Street
>    P.O. Box 2618
>    Covington, Kentucky   41012-2618
>
>    and
>
>    Counsel for Aetna
>    Gibson, Dunn & Crutcher LLP
>    Richard J. Doren
>    333 South Grand Avenue
>    Los Angeles, CA 90071-3197

5.     The Court may adjourn the Fairness Hearing, including the consideration of the application for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Fairness Hearing or any adjournment thereof. In addition, if no objections to the settlement are filed, the Parties may notify the Court and the Court may enter a Final Judgment without further hearing.

## **FORM AND TIMING OF NOTICE**

6.     As soon as practicable after entry of this Order, but no later than thirty (30) days after the Order is entered, the Settlement Administrator shall cause copies of the Notice and Application Form, substantially in the form attached hereto as Exhibits 1 and 2 (Notice) and attached as Exhibit C to the Settlement Agreement (Application Form), the form of which is hereby approved, to be mailed by first-class mail, postage pre-paid, to all potential members of the Settlement Class through the notice procedure described in the Settlement Agreement.  The Settlement Administrator will compile the names and last-known addresses of all Class Members, based on a list supplied by Aetna from a reasonable, good faith search of its records for addresses for all potential Class Members.  In the event any mailing to a Class Member containing a Notice and Application Form is returned to the Settlement Administrator, the Settlement Administrator shall attempt to locate the Class Member via the National Change of Address (N.C.O.A.) database.  These will be the final efforts utilized to locate current addresses for Class Members.

4

1    7.    At least seven (7) days prior to the Fairness Hearing, Aetna and/or the Settlement
2 Administrator shall file a sworn statement attesting to compliance with the preceding paragraph.  The
3 Cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set
4 forth in the Settlement Agreement.

5    8.    The Notice to be provided as set forth in this Order is hereby found to be the best
6 means of notice to members of the class and is practicable under the circumstances and, when
7 completed, shall constitute due and sufficient notice of the settlement and the Fairness Hearing to all
8 persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing, in full
9 compliance with the requirements of due process and the Federal Rules of Civil Procedure.

10   **ABILITY OF CLASS MEMBERS TO OPT OUT OF THE SETTLEMENT CLASS**

11   9.    All members of the class who wish to opt out of the class must do so by sending
12 written notice of their election to opt out to the Settlement Administrator at the address set forth in
13 the Notices to be provided as set forth in this Order.  To be considered timely and thereby effectively
14 exclude a person from the class, the envelope delivering a completed opt out request for such person
15 must be post-marked by no later than the Opt Out Deadline, which is forty-five (45) days after
16 Notices are sent by mail to the Class Members.  At least seven (7) days prior to the Fairness Hearing,
17 Aetna and/or the Settlement Administrator shall submit to the Court a sworn statement setting forth
18 the names and addresses of each member of the class who is timely electing to opt out of the class.

19   10.   Any potential member of the class that does not properly and timely request exclusion
20 from the Settlement Class shall be included in such Class and, if the settlement is approved and
21 becomes effective, shall be bound by all the terms and provisions of the Settlement Agreement,
22 including but not limited to the Release described therein, whether or not such person shall have
23 objected to the settlement and whether or not such person makes a claim upon, or participates in, the
24 settlement fund or the other benefits to the class to be provided under the Settlement Agreement.

25   **OTHER PROVISIONS**

26   11.   Capitalized terms used in this Order that are not otherwise identified herein have a
27 meaning assigned to them in the Settlement Agreement.

28

12. All proceedings against and concerning Aetna in the Action, other than proceedings that may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of the Court. Pending this Court's ruling on final approval of the Settlement, all members of the class are hereby barred and enjoined from commencing or prosecuting any action asserting any Released Claims against Aetna.

13. No discovery with regard to the settlement or the Settlement Agreement shall be permitted as to any of the parties to the Settlement Agreement other than as may be directed by the Court upon a proper showing by the parties seeking such discovery by motion properly noticed and served in accordance with the Local Rules.

14. Prior to the Fairness Hearing, Aetna shall file a declaration attesting to the completion of notice of this Settlement to the appropriate federal and state officials pursuant to 28 U.S.C. §1715.

15. Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of the representative plaintiff, counsel, any members of the class, Aetna, or any other person of liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and neither the Settlement Agreement nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that representative plaintiff, or any member of the class or any person has or has not suffered any damage.

16. In the event that the Settlement Agreement is terminated or is not consummated for any reason, this settlement and all proceedings had in connection therewith shall be null and void, except to the extent expressly provided to the contrary in the Settlement Agreement, and without prejudice to the rights of the parties to the Settlement Agreement before it was executed.

IT IS SO ORDERED.

DATED: August 26, 2010

_____
The Honorable Larry R. Hicks
UNITED STATES DISTRICT JUDGE

6

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
CASE NO. 3:08-CV-00654-LRH-RAM

**TERENCE L. McCREARY**, On Behalf
of Himself and all Others Similarly Situated,
    Plaintiffs,

v.

**AETNA LIFE INSURANCE COMPANY**,
    Defendant

---

**THIS IS A NOTICE OF A PROPOSED CLASS ACTION SETTLEMENT WITH AETNA LIFE INSURANCE COMPANY. YOU ARE NOT BEING SUED.**

**YOU MAY BE ENTITLED TO BENEFITS FROM THIS SETTLEMENT. THERE IS NO COST TO YOU TO RECEIVE THESE BENEFITS.**

**PLEASE READ THIS NOTICE CAREFULLY. THE FOLLOWING QUESTIONS AND ANSWERS WILL GIVE YOU IMPORTANT INFORMATION ABOUT THIS SETTLEMENT.**

---

1. **WHY WAS THIS LAWSUIT FILED?**

This lawsuit was filed by Terence L. McCreary. Mr. McCreary filed this case against Aetna Life Insurance Company ("Aetna") on behalf of himself and all other people in the same situation. Those people for whom Mr. McCreary filed his Complaint include everyone that received an Aetna Benefits Checkbook Account when Aetna paid them the death benefit on a life insurance policy and who received interest on that account between December 16, 2002 and [effective date] ("proposed class").

In the lawsuit, it was alleged that Aetna did not provide an adequate description of how the life insurance benefits would be paid or how Aetna was calculating interest on the Aetna Benefits Checkbook Account. If you would like further information about the claims asserted in this case, you can review a copy of the complaint at [*Insert URL*].

Aetna denies that it violated any laws, but has agreed to settle the case to avoid the cost of fighting the lawsuit. The settlement is not an admission of any fault, liability or wrongdoing whatsoever by Aetna.

2. **WHY SHOULD YOU READ THIS NOTICE?**

The class representative, Mr. McCreary, and Aetna have agreed to settle all claims that could have been brought by Mr. McCreary or any member of the proposed class against Aetna. You should read this Notice because it explains:

- What benefits are being made available to you by the proposed settlement;

- That the settlement will require that you release certain claims you might have against Aetna;

- Your right to exclude yourself from the settlement or to object to the settlement;

- Your right to participate in the settlement hearing.

BECAUSE YOUR RIGHT TO PURSUE CERTAIN TYPES OF CLAIMS AGAINST AETNA MAY BE AFFECTED BY THE SETTLEMENT, YOU SHOULD READ THIS NOTICE CAREFULLY.

**3.   WHAT ARE THE TERMS OF THE PROPOSED SETTLEMENT?**

In a settlement agreement dated March 15, 2010 (the "Settlement Agreement"), Mr. McCreary has agreed to settle all claims that were or could have been asserted against Aetna and its affiliates and subsidiaries in exchange for monetary benefits and Aetna's agreement to make specific disclosures in connection with how it pays life insurance death benefits.

The provisions of the Settlement Agreement relevant to you are summarized in this notice. You can read a full copy of the Settlement Agreement at [*Insert URL*]. Because the settlement provides valuable benefits and because there are risks and delays in proceeding with any lawsuit, Mr. McCreary and his attorneys believe the proposed Settlement is fair, reasonable and adequate, and is in the best interests of the class.

**A.   The Settlement Class**

The proposed Settlement Class ("Class") includes two categories of members:

Class Members With Open Accounts: All Aetna life insurance beneficiaries who received interest payments on life insurance benefits from Aetna through an Aetna Benefits Checkbook Account between December 16, 2002 and [*effective date*] and who, as of [*effective date*], have an open Aetna Benefits Checkbook Account.

Class Members With Terminated (or Closed) Accounts: All Aetna life insurance beneficiaries who received interest payments on life insurance benefits from Aetna through an Aetna Benefits Checkbook Account between December 16, 2002 and [*effective date*] and whose Aetna Benefits Checkbook Account was terminated (or closed) prior to [*effective date*].

**B.   The Settlement Benefits**

If the settlement is approved by the Court, Aetna will provide the following benefits to members of the Classes described above.

**i.   Settlement Fund**

Aetna has agreed to establish a settlement fund equal to 40% of the total amount of the interest that it has paid on Checkbook Accounts between December 16, 2002 and [*effective date*]. After payment of legal fees and costs (see Question 7), the balance will be used to provide benefits to you ("Net Settlement Fund"). You have previously withdrawn all of the funds from your Checkbook Account and the account has been closed. Benefits for you will be determined and distributed as described in Paragraph 5 below. For class members with open accounts, unless they elect to apply for insurance benefits or opt out of the settlement altogether, a direct deposit will be made into their open account of their proportionate share of the Net Settlement Fund.

**ii.   Improved Disclosures**

As part of the settlement, Aetna has agreed to improve its disclosures to plan sponsors who elect to offer Aetna Benefits Checkbook Accounts and to plan beneficiaries who receive checkbooks in connection with the payment of life insurance benefits by Aetna. You can read the specific disclosures in the Settlement Agreement at [*Insert URL*].

## 4. WHAT CLAIMS ARE BEING RELEASED?

If the Settlement Agreement is approved, Mr. McCreary's lawsuit against Aetna will be dismissed with prejudice. In addition, Aetna and certain others affiliated with Aetna will receive a full and complete release and discharge from all members of the Class (except for those members of the Class who timely elect to opt out of the settlement, as discussed in Paragraph 6 below). If you do not opt out, you will release and discharge all claims, lawsuits, attorneys' fees, interest, and causes of action, known or unknown, accrued or unaccrued, arising on or before [*effective date*], that could have been asserted against Aetna or any of the released parties based on or arising out of the factual allegations of Mr. McCreary's Complaint or any federal or state law claims relating to Aetna's use of checking accounts for the distribution of insurance benefits and the calculation of interest on those insurance benefits. The release is very comprehensive and, if you believe you may have another type of claim against Aetna, you should review the release at [*Insert URL*].

## 5. CLASS MEMBERS WITH CLOSED ACCOUNTS WILL BE ELIGIBLE FOR AD&D COVERAGE AT NO COST

Your Aetna checkbook account was closed prior to [*effective date*]. Under the settlement, you are entitled to receive Accidental Death & Dismemberment insurance coverage **at no cost to you**. To receive the coverage you must complete and return the enclosed Application Form by [*Application Submission Deadline*]. Accidental Death & Dismemberment insurance coverage pays you a specified benefit if you die as a result of an accident or if you suffer a covered loss in an accident. The certificate of coverage specifies the benefit which will be paid if you die or are injured as a result of an accident. Not all events that may be ruled accidental are covered. Exclusions and limitations apply. If you would like to review the specifics of the coverage that will be provided, you can read the entire certificate of coverage at [insert URL]. The benefit will be purchased with your proportionate share of the Settlement Fund described above based on the amount of interest paid to you in your Aetna checkbook account between December 15, 2002 and [*effective date*]. Your benefit will be calculated based on 40% of the interest you earned in your Aetna checkbook account, less attorneys' fees, (which are estimated to be 20% of the Settlement Fund). The insurance benefit will be calculated based on a rate of $0.05 per thousand dollars of coverage per year plus a $15.00 administrative charge. Notwithstanding this formula, a minimum of $2,500 and a maximum of $250,000 in insurance coverage will be provided to each class member that timely completes and returns the Application Form. The coverage will be in force for five years from the date it is issued. The $2,500 insurance coverage floor will apply to every class member who earned between $0.01 and $70.31 in interest and the maximum of $250,000 in coverage will apply to each class member who earned $2,390.63 or more in interest.

Aetna's records indicate you earned $____ in interest in your Aetna checkbook during the class period. Therefore, based on the formula set out above and under the terms of the settlement, you are entitled to receive Accidental Death & Dismemberment insurance coverage for five years from the date of issuance in the amount of $____ at no cost to you.

**EVERY CLOSED ACCOUNT CLASS MEMBER MUST COMPLETE THE ENCLOSED APPLICATION FORM TO RECEIVE THIS BENEFIT.  THE APPLICATION FORM MUST BE POSTMARKED NO LATER THAN [*APPLICATION SUBMISSION DEADLINE*] AND MAILED TO:**

> McCreary v Aetna Life
> PO Box 4153
> Portland, OR 97208-4153

**IF YOU DO NOT MAIL YOUR COMPLETED AND SIGNED APPLICATION FORM BY THIS DATE, YOU WILL NOT RECEIVE ANY BENEFIT FROM THE SETTLEMENT**.

6. **DO YOU HAVE TO TAKE THIS SETTLEMENT?**

No.  If you do not want to be a member of the Class and participate in the proposed Settlement ("opt out"), then **BY NO LATER THAN** [*Opt Out Deadline*], you must send a signed statement to that effect that includes your full name, address, and telephone number to:

> McCreary v Aetna Life
> PO Box 4153
> Portland, OR 97208-4153

**IF YOUR OPT OUT IS NOT POSTMARKED BY [*OPT OUT DEADLINE*], YOUR RIGHT TO OPT OUT WILL BE WAIVED AND YOU WILL BE BOUND BY ALL OF THE ORDERS AND JUDGMENTS ENTERED IN CONNECTION WITH THE SETTLEMENT.**

If you choose to opt out of the settlement and the settlement Class, you will not be entitled to receive the benefits of the proposed settlement with Aetna, including any payment or insurance coverage purchased with such a payment from the settlement fund.  Your claims against Aetna will not be released and you will be free to pursue any claims you believe you have by filing a separate action or request for arbitration if you are subject to an arbitration agreement.  You would not be permitted to use the existence or terms of the Settlement Agreement or this Notice as evidence of any admission by Aetna regarding fault, liability, level of damages, or any similar issues.

7. **WHAT ARE THE ATTORNEYS BEING PAID?**

The attorneys who negotiated the settlement are Matthew Sharp of Reno, Nevada; Curtis Coulter of Reno, Nevada; and Ron Parry of Covington, Kentucky.  They have asked the Court to award them twenty percent (20%) of the Settlement Fund as their compensation for achieving the settlement and to reimburse their costs.  The AD&D coverage amount you can receive under this settlement which is provided in Paragraph 5 is based on the court awarding fees in the requested amount of 20% of the Settlement Fund.

8. **WHAT IS MR. McCREARY BEING PAID?**

Class Counsel has asked the Court to award to Mr. McCreary an incentive of $2,000 to be paid from the fees and expenses awarded by the Court.

9. **HOW CAN YOU GET MORE INFORMATION ABOUT THE SETTLEMENT?**

If you have questions regarding this notice, the proposed settlement with Aetna, or the Action generally, a copy of the lawsuit filed against Aetna, a full copy of the settlement agreement and a full copy of the release of claims is available at [*Insert URL*].

You can also contact the Settlement Administrator by telephone:  1-877-841-8157

Or contact Plaintiff's Counsel:

Parry Deering Futscher & Sparks, PSC
Ron Parry
411 Garrard Street
P.O. Box 2618
Covington, Kentucky 41012-2618

In addition, you may review the complete files of papers submitted in the Action at the office of the Clerk of the Court, United States Courthouse, U.S. District Court for the District of Nevada, 400 S. Virginia Street, Reno, Nevada, during regular business hours.

**PLEASE DO NOT CALL AETNA, THE COURT, OR THE CLERK'S OFFICE.**

10. **WHEN IS THE SETTLEMENT HEARING AND WHEN WILL THE SETTLEMENT BECOME FINAL?**

As mentioned above, a hearing will be held on **January 4, 2011** at the United States Courthouse, District of Nevada, 400 S. Virginia Street, Reno, Nevada 89501, to determine whether the settlement should be approved.  However, the order scheduling that hearing also provides that it may be adjourned by the Court and that no additional notice will be provided to potential members of the Class other than an announcement in open court and on the docket for this case.

At the Settlement Hearing, the Court will consider several different issues.

First, the Court will consider whether the proposed settlement of the Action with Aetna that is reflected in the Settlement Agreement is fair, reasonable and adequate to members of the Class.

Second, the Court will consider whether it should certify the Class for settlement purposes pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.  If the Court certifies the Class, potential Class Members who have timely elected to opt out of the Class and by following the procedures described above will be excluded.

Third, the Court will consider whether to enter orders that would prevent members of the Class (except those who opted out in a timely and proper manner) from asserting certain claims against Aetna in the future.

Fourth, the Court will consider the application for a payment of fees to the representative plaintiff from the Settlement Fund, which is discussed in Question 8.

Fifth, the Court will consider an application by counsel to the Class for attorneys' fees and expenses to be paid from the Settlement Fund.  This is discussed in Question 7.

11. **WHAT IF YOU DON'T LIKE THE SETTLEMENT?**

You have a right to appear at the hearing and speak in favor of or object to either the settlement or the attorneys' fees, or any other matters to be considered at the Settlement Hearing. If you want to speak at the hearing, by [*Opt Out Deadline*] you must:

- File with the Court a notice of your intention to appear, together with a statement setting forth your objections, if any, to the matters to be considered and the basis for those objections, together with any documentation that you intend to rely upon at the hearing, and

- Serve copies of all such materials either by hand deliver or by first class mail, upon the following counsel:

Parry Deering Futscher & Sparks, PSC        Gibson, Dunn & Crutcher LLP
Ron Parry                                   Richard J. Doren
411 Garrard Street                          333 South Grand Avenue
P.O. Box 2618                               Los Angeles, California  90071-3197
Covington, Kentucky 41012-2618

If you do not comply with the foregoing procedures and deadlines for submitting written objections and appearing at the Hearing, you may lose substantial legal rights, including but not limited to, the right to appear and be heard at the Hearing; the right to contest approval of the proposed settlement or the application for an award of attorneys' fees and expenses to counsel; the right to contest approval of the application for an award of an incentive to the representative plaintiff; or the right to contest any other orders or judgments of the Court entered in connection with the proposed settlement.

If the Court does not approve the proposed settlement, the Settlement Agreement will be null and void. If the Settlement Agreement is approved by the Court, the settlement will be final 60 days after the Court's order or after the last appeal is concluded.

12. **LIST OF IMPORTANT DATES**

The following is a list of the important dates that are described above in this notice:

| | |
|---|---|
| [*Opt Out Deadline*] | Last day to file objections or to opt out of the settlement |
| January 4, 2011 | Settlement hearing |
| [*Application Form Deadline*] | Last postmark date for submission of application for Accidental Death and Dismemberment Insurance |

Dated: _____, 2010

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
CASE NO. 3:08-CV-00654-LRH-RAM

**TERENCE L. McCREARY**, On Behalf
of Himself and all Others Similarly Situated,
    Plaintiffs,

    v.

**AETNA LIFE INSURANCE COMPANY**,
    Defendant

---

**THIS IS A NOTICE OF A PROPOSED CLASS ACTION SETTLEMENT WITH AETNA LIFE INSURANCE COMPANY. YOU ARE NOT BEING SUED.**

**YOU MAY BE ENTITLED TO BENEFITS FROM THIS SETTLEMENT. THERE IS NO COST TO YOU TO RECEIVE THESE BENEFEITS.**

**PLEASE READ THIS NOTICE CAREFULLY. THE FOLLOWING QUESTIONS AND ANSWERS WILL GIVE YOU IMPORTANT INFORMATION ABOUT THIS SETTLEMENT.**

---

1. **WHY WAS THIS LAWSUIT FILED?**

This lawsuit was filed by Terence L. McCreary. Mr. McCreary filed this case against Aetna Life Insurance Company ("Aetna") on behalf of himself and all other people in the same situation. Those people for whom Mr. McCreary filed his Complaint include everyone that received an Aetna Benefits Checkbook Account when Aetna paid them the death benefit on a life insurance policy and who received interest on that account between December 16, 2002 and [effective date] ("proposed class").

In the lawsuit, it was alleged that Aetna did not provide an adequate description of how the life insurance benefits would be paid or how Aetna was calculating interest on the Aetna Benefits Checkbook Account. If you would like further information about the claims asserted in this case, you can review a copy of the complaint at [*Insert URL*].

Aetna denies that it violated any laws, but has agreed to settle the case to avoid the cost of fighting the lawsuit. The settlement is not an admission of any fault, liability or wrongdoing whatsoever by Aetna.

2. **WHY SHOULD YOU READ THIS NOTICE?**

The class representative, Mr. McCreary, and Aetna have agreed to settle all claims that could have been brought by Mr. McCreary or any member of the proposed class against Aetna. You should read this Notice because it explains:

- What benefits are being made available to you by the proposed settlement;

- That the settlement will require that you release certain claims you might have against Aetna;

- Your right to exclude yourself from the settlement or to object to the settlement;

- Your right to participate in the settlement hearing.

BECAUSE YOUR RIGHT TO PURSUE CERTAIN TYPES OF CLAIMS AGAINST AETNA MAY BE AFFECTED BY THE SETTLEMENT, YOU SHOULD READ THIS NOTICE CAREFULLY.

**3.   WHAT ARE THE TERMS OF THE PROPOSED SETTLEMENT?**

In a settlement agreement dated March 15, 2010 (the "Settlement Agreement"), Mr. McCreary has agreed to settle all claims that were or could have been asserted against Aetna and its affiliates and subsidiaries in exchange for monetary benefits and Aetna's agreement to make specific disclosures in connection with how it pays life insurance death benefits.

The provisions of the Settlement Agreement relevant to you are summarized in this notice. You can read a full copy of the Settlement Agreement at [*Insert URL*]. Because the settlement provides valuable benefits and because there are risks and delays in proceeding with any lawsuit, Mr. McCreary and his attorneys believe the proposed Settlement is fair, reasonable and adequate, and is in the best interests of the class.

**A.   The Settlement Class**

The proposed Settlement Class ("Class") includes two categories of members:

Class Members With Open Accounts: All Aetna life insurance beneficiaries who received interest payments on life insurance benefits from Aetna through an Aetna Benefits Checkbook Account between December 16, 2002 and [*effective date*] and who, as of [*effective date*], have an open Aetna Benefits Checkbook Account.

Class Members With Terminated (or Closed) Accounts: All Aetna life insurance beneficiaries who received interest payments on life insurance benefits from Aetna through an Aetna Benefits Checkbook Account between December 16, 2002 and [*effective date*] and whose Aetna Benefits Checkbook Account was terminated (or closed) prior to [*effective date*].

**B.   The Settlement Benefits**

If the settlement is approved by the Court, Aetna will provide the following benefits to members of the Classes described above.

**i.   Settlement Fund**

Aetna has agreed to establish a settlement fund equal to 40% of the total amount of the interest that it has paid on Checkbook Accounts between December 16, 2002 and [effective date]. After payment of legal fees and costs (see Question 7), the balance will be used to provide benefits to you ("Net Settlement Fund"). Your Aetna Benefits Checkbook Account was open as of [effective date]. Therefore, under the terms of the settlement a direct deposit will be made into your open account of your proportionate share of the Net Settlement Fund, unless you elect to receive the AD&D insurance coverage benefit, as described in Paragraph 5. Class members with accounts closed as of [effective date] are entitled to apply for the AD&D insurance coverage benefits described below.

### ii. Improved Disclosures

As part of the settlement, Aetna has agreed to improve its disclosures to plan sponsors who elect to offer Aetna Benefits Checkbook Accounts and to plan beneficiaries who receive checkbooks in connection with the payment of life insurance benefits by Aetna. You can read the specific disclosures in the Settlement Agreement at [*Insert URL*].

## 4. WHAT CLAIMS ARE BEING RELEASED?

If the Settlement Agreement is approved, Mr. McCreary's lawsuit against Aetna will be dismissed with prejudice. In addition, Aetna and certain others affiliated with Aetna will receive a full and complete release and discharge from all members of the Class (except for those members of the Class who timely elect to opt out of the settlement, as discussed in Paragraph 6 below). If you do not opt out, you will release and discharge all claims, lawsuits, attorneys' fees, interest, and causes of action, known or unknown, accrued or unaccrued, arising on or before [effective date], that could have been asserted against Aetna or any of the released parties based on or arising out of the factual allegations of Mr. McCreary's Complaint or any federal or state law claims relating to Aetna's use of checking accounts for the distribution of insurance benefits and the calculation of interest on those insurance benefits. The release is very comprehensive and, if you believe you may have another type of claim against Aetna, you should review the release at [*Insert URL*].

## 5. CLASS MEMBERS WITH OPEN ACCOUNTS AS OF [EFFECTIVE DATE] WILL RECEIVE A DEPOSIT INTO THEIR ACCOUNT OF THEIR PROPORTIONATE SHARE OF THE NET SETTLEMENT FUND UNLESS THEY ELECT AD&D COVERAGE AT NO COST

If you have an Aetna checkbook account that was open as of [*effective date*], you will receive your proportionate share of the Net Settlement Fund described above, based on the amount of interest paid to you in your Aetna checkbook account between December 16, 2002 and [effective date]. **This payment will be automatically deposited into your Aetna checkbook account**. If your account was closed after [*effective date*], a check will be mailed by Aetna to your last known address.

**As an Alternative, Open Account Class Members May Elect to Receive AD&D Insurance Coverage At No Cost to You Instead of a Deposit.**

If you are an Open Account Class Member and would prefer to receive Accidental Death & Dismemberment insurance coverage *at no cost to you* instead of cash, you may do so. All you need to do is mail in the attached Application Form by [*Application Form Deadline*]. Accidental Death & Dismemberment insurance coverage pays you a specified benefit if you die as a result of an accident or if you suffer a covered loss in an accident. The certificate of coverage specifies the benefit which will be paid if you die or are injured as a result of an accident. Not all events that may be ruled accidental are covered. Exclusions and limitations apply. If you would like to review the specifics of the coverage that will be provided, you can read the entire certificate of coverage at [insert URL]. The benefit will be purchased with your proportionate share of the Net Settlement Fund described above based on the amount of interest paid to you in your Aetna checkbook account between December 15, 2002 and [effective date]. Your benefit will be calculated based on 40% of the interest you earned in your Aetna checkbook account, less attorneys' fees, (which are estimated to be 20% of the Settlement Fund). The insurance benefit will be calculated based on a rate of $0.05 per thousand dollars of coverage per year plus a $15.00 administrative charge. Notwithstanding this formula, a minimum of $2,500 and a maximum of $250,000 in insurance coverage will be provided to each class member that timely completes and returns the Application Form. The coverage will be in force for five years from the date it is issued. The $2,500 insurance coverage floor will apply to every class member who earned between $0.01 and $70.31 in

interest and the maximum of $250,000 in coverage will apply to each class member who earned $2,390.63 or more in interest.

Aetna's records indicate you earned $_____ in interest in your Aetna checkbook account during the class period. Therefore under the terms of the settlement, you would receive $_____ in direct deposit to your Aetna checkbook account (assuming an award of 20% of the Settlement Fund in attorneys' fees) *or* if you elect to receive the AD&D insurance coverage *instead of* a direct deposit of your proportionate share of the Settlement Fund, based on the formula set out above you are entitled to receive Accidental Death & Dismemberment insurance coverage of $_____ for five years from the date of issuance.

IF YOU ARE AN OPEN ACCOUNT CLASS MEMBER AND WANT TO RECEIVE AD&D INSURANCE COVERAGE INSTEAD OF A DEPOSIT TO YOUR ACCOUNT, YOU MUST COMPLETE THE ENCLOSED APPLICATION FORM AND SIGN THE FORM, THEN MAIL THE COMPLETED AND SIGNED FORM BY NO LATER THAN [*APPLICATION FORM DEADLINE].*

**IF NO APPLICATION FORM IS RECEIVED BY [*APPLICATION FORM DEADLINE]*, THEN YOU WILL AUTOMATICALLY RECEIVE A DEPOSIT IN YOUR OPEN ACCOUNT**.

6. **DO YOU HAVE TO TAKE THIS SETTLEMENT?**

No. If you do <u>not</u> want to be a member of the Class and participate in the proposed Settlement ("opt out"), then **BY NO LATER THAN** [*Opt Out Deadline*], you must send a signed statement to that effect that includes your full name, address, and telephone number to:

McCreary v Aetna Life
PO Box 4153
Portland, OR 97208-4153

**IF YOUR OPT OUT IS NOT POSTMARKED BY [*OPT OUT DEADLINE*], YOUR RIGHT TO OPT OUT WILL BE WAIVED AND YOU WILL BE BOUND BY ALL OF THE ORDERS AND JUDGMENTS ENTERED IN CONNECTION WITH THE SETTLEMENT.**

If you choose to opt out of the settlement and the settlement Class, you will not be entitled to receive the benefits of the proposed settlement with Aetna, including any payment or insurance coverage purchased with such a payment from the settlement fund. Your claims against Aetna will not be released and you will be free to pursue any claims you believe you have by filing a separate action or request for arbitration if you are subject to an arbitration agreement. You would not be permitted to use the existence or terms of the Settlement Agreement or this Notice as evidence of any admission by Aetna regarding fault, liability, level of damages, or any similar issues.

7. **WHAT ARE THE ATTORNEYS BEING PAID?**

The attorneys who negotiated the settlement are Matthew Sharp of Reno, Nevada; Curtis Coulter of Reno, Nevada; and Ron Parry of Covington, Kentucky. They have asked the Court to award them twenty percent (20%) of the Settlement Fund as their compensation for achieving the settlement and to reimburse their costs. The direct deposit or AD&D coverage amount you can receive under this settlement which is provided in Paragraph 5 is based on the court awarding fees in the requested amount of 20% of the Settlement Fund.

8. **WHAT IS MR. McCREARY BEING PAID?**

Class Counsel has asked the Court to award to Mr. McCreary an incentive of $2,000 to be paid from the fees and expenses awarded by the Court.

**9.     HOW CAN YOU GET MORE INFORMATION ABOUT THE SETTLEMENT?**

If you have questions regarding this notice, the proposed settlement with Aetna, or the Action generally, a copy of the lawsuit filed against Aetna, a full copy of the settlement agreement and a full copy of the release of claims is available at [*Insert URL*].

You can also contact the Settlement Administrator by telephone:  1-877-841-8157

Or contact Plaintiff's Counsel:

Parry Deering Futscher & Sparks, PSC
Ron Parry
411 Garrard Street
P.O. Box 2618
Covington, Kentucky 41012-2618

In addition, you may review the complete files of papers submitted in the Action at the office of the Clerk of the Court, United States Courthouse, U.S. District Court for the District of Nevada, 400 S. Virginia Street, Reno, Nevada, during regular business hours.

**PLEASE DO NOT CALL AETNA, THE COURT, OR THE CLERK'S OFFICE.**

**10.    WHEN IS THE SETTLEMENT HEARING AND WHEN WILL THE SETTLEMENT BECOME FINAL?**

As mentioned above, a hearing will be held on **January 4, 2011** at the United States Courthouse, District of Nevada, 400 S. Virginia Street, Reno, Nevada 89501, to determine whether the settlement should be approved.  However, the order scheduling that hearing also provides that it may be adjourned by the Court and that no additional notice will be provided to potential members of the Class other than an announcement in open court and on the docket for this case.

At the Settlement Hearing, the Court will consider several different issues.

First, the Court will consider whether the proposed settlement of the Action with Aetna that is reflected in the Settlement Agreement is fair, reasonable and adequate to members of the Class.

Second, the Court will consider whether it should certify the Class for settlement purposes pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.  If the Court certifies the Class, potential Class Members who have timely elected to opt out of the Class and by following the procedures described above will be excluded.

Third, the Court will consider whether to enter orders that would prevent members of the Class (except those who opted out in a timely and proper manner) from asserting certain claims against Aetna in the future.

Fourth, the Court will consider the application for a payment of fees to the representative plaintiff from the Settlement Fund, which is discussed in Question 8.

Fifth, the Court will consider an application by counsel to the Class for attorneys' fees and expenses to be paid from the Settlement Fund.  This is discussed in Question 7.

11. **WHAT IF YOU DON'T LIKE THE SETTLEMENT?**

You have a right to appear at the hearing and speak in favor of or object to either the settlement or the attorneys' fees, or any other matters to be considered at the Settlement Hearing. If you want to speak at the hearing, by [*Opt Out Deadline*] you must:

- File with the Court a notice of your intention to appear, together with a statement setting forth your objections, if any, to the matters to be considered and the basis for those objections, together with any documentation that you intend to rely upon at the hearing, and

- Serve copies of all such materials either by hand deliver or by first class mail, upon the following counsel:

| | |
|---|---|
| Parry Deering Futscher & Sparks, PSC | Gibson, Dunn & Crutcher LLP |
| Ron Parry | Richard J. Doren |
| 411 Garrard Street | 333 South Grand Avenue |
| P.O. Box 2618 | Los Angeles, California  90071-3197 |
| Covington, Kentucky 41012-2618 | |

If you do not comply with the foregoing procedures and deadlines for submitting written objections and appearing at the Hearing, you may lose substantial legal rights, including but not limited to, the right to appear and be heard at the Hearing; the right to contest approval of the proposed settlement or the application for an award of attorneys' fees and expenses to counsel; the right to contest approval of the application for an award of an incentive to the representative plaintiff; or the right to contest any other orders or judgments of the Court entered in connection with the proposed settlement.

If the Court does not approve the proposed settlement, the Settlement Agreement will be null and void. If the Settlement Agreement is approved by the Court, the settlement will be final 60 days after the Court's order or after the last appeal is concluded.

12. **LIST OF IMPORTANT DATES**

The following is a list of the important dates that are described above in this notice:

| | |
|---|---|
| [*Opt Out Deadline*] | Last day to file objections or to opt out of the settlement |
| January 4, 2011 | Settlement hearing |
| [*Application Form Deadline*] | Last postmark date for submission of application for Accidental Death and Dismemberment Insurance |

Dated: _____, 2010

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA